

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

July 2, 2024

**BY ECF**
Honorable Margaret M. Garnett
United States District Court for the Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

      **Re:** *Alba Vineyard & Winery, et al. v. Fan, et al.*, 1:23-cv-08108-MMG

Dear Judge Garnett:

      We write on behalf of Defendants Lily Fan and Edgar De Leon, in their official capacities as Chair and Commissioner, respectively, of the New York State Liquor Authority, to request that the Court exclude from the evidentiary record at trial three documents regarding the wine market (the "Documents"). Plaintiffs failed to produce or otherwise disclose the Documents during discovery (or even the parties' meet-and-confer regarding trial exhibits), but have sought to introduce them at trial by citing them in their Proposed Conclusions of Law as a way to ameliorate their lack of proof as to the alleged burden the Challenged Laws place on interstate commerce.[1] Because Plaintiffs first surfaced these documents after the deadline to file *in limine* motions, Defendants respectfully request that the Court accept this letter-motion, along with the Declaration of Robert Arnay ("Arnay Decl."), as the equivalent of an *in limine* motion or as a Local Rule 37.2 request for a conference.[2] As set forth below, the Court should preclude Plaintiffs from relying on the Documents due to Plaintiffs' discovery violations. Alternatively, the Court should not rely on the contents of the Documents as substantive evidence on Plaintiffs' Commerce Clause claim.

      **Plaintiffs' Failure To Disclose The Documents**. In December 2023, Defendants requested that Plaintiffs produce all documents concerning their allegations about the burden the Challenged Laws place on interstate commerce (as well as all documents they would rely on at summary judgment or trial). Arnay Decl. ¶¶ 6-9. In January 2024, Plaintiffs responded they had *no* such documents. *Id.* ¶¶ 10-11. Promptly thereafter, Defendants sent letters noting this absence of evidence and asking Plaintiffs to confirm this was true, which Plaintiffs did. *Id.* ¶¶ 12-14. Thereafter, Plaintiffs never produced or disclosed the Documents during discovery. *Id.* ¶ 15. In March 2024, Plaintiffs' summary judgment pre-motion letter did not mention the Documents, and

---

[1] Defendants do not seek to preclude Plaintiffs' reliance on a fourth document Plaintiffs newly cite, which is a 2003 FTC Report. As Defendants have noted, this document was discussed at length in the Supreme Court's decision in *Granholm v. Heald*, 544 U.S. 460 (2005). *See* ECF 35 at § 2; ECF 45 at 15.

[2] The deadline was June 18, *i.e.*, four weeks prior to the July 16 trial date (which was adjourned to July 17). *See* Individual Rule V(A)(2). However, Plaintiffs first disclosed these articles on June 25. Relatedly, a pre-motion meet-and-confer was not possible because Plaintiffs never disclosed their intent to rely on these documents. In fact, after an earlier meet-and-confer, Plaintiffs withdrew their reliance on similar undisclosed documents. Arnay Decl. ¶¶ 29-36.

Defendants' responsive letter even noted Plaintiffs' lack of documentary evidence for these allegations. *Id.* ¶¶ 20-21. However, Plaintiffs did not produce or identify the Documents in response. In late May through mid-June, when the parties engaged in a meet-and-confer regarding trial exhibits, Plaintiffs still failed to disclose or identify the Documents. *Id.* ¶¶ 23-28.

On Sunday, June 23—two days before pre-trial filings were due and after the parties' agreed deadline to exchange exhibits—Plaintiffs sought to add four articles about the wine industry as exhibits. *Id.* ¶ 29. Defendants promptly objected, noting that Plaintiffs failed to produce or identify the documents in discovery and warning that Defendants would seek relief from the Court due to Plaintiffs' sandbagging of Defendants after the *in limine* deadline passed. *Id.* ¶¶ 30-32. Plaintiffs initially refused, claiming they recently found the articles while "researching" their brief. After a meet-and-confer, Plaintiffs withdrew the articles as exhibits and agreed not to rely on them. *Id.* ¶¶ 31-36. However, the next day, on June 25, Plaintiffs relied on the at-issue Documents in their Proposed Conclusions of Law—directly in the text, rather than as exhibits, *see* ECF 47 at 13-14 & n.2—for a substantially similar purpose as the four articles Plaintiffs agreed not to rely on.

**Preclusion Is The Appropriate Remedy**. A party must disclose "all documents" that it "may use to support its claims." Fed. R. Civ. P. 26(a)(1)(ii). And, a party that has made a Rule 26(a) disclosure or "responded" to a "request for production" "must supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). If a party "fails to provide information … as required by Rule 26(a) or (e), the party is not allowed to use that information … to supply evidence … at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Thus, Rule 37 authorizes the Court to preclude Plaintiffs from using the Documents because Plaintiffs were required, but failed, to produce them pursuant to Rule 26(a) and 26(e). *See Design Strategy, Inc. v. Davis*, 469 F.3d 284, 294 (2d Cir. 2006).[3] "The purpose of the rule is to prevent the practice of 'sandbagging' an opposing party with new evidence." *Haas v. Del. & Hudson Ry. Co.*, 282 F. App'x 84, 86 (2d Cir. 2008) (quotations omitted). In determining whether preclusion is appropriate, the Court considers the following factors: (1) the party's explanation for its failure to comply with the disclosure requirement; (2) the prejudice to the opposing party in responding to the new evidence; (3) the possibility of a continuance; and (4) the importance of the evidence. *See Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006).

Here, preclusion is the appropriate remedy.[4] First, Plaintiffs have no valid excuse for failing to timely produce the Documents. Defendants noted Plaintiffs' lack of documentary evidence on this issue during discovery and in summary judgment filings, but Plaintiffs never responded by producing the Documents. Arnay Decl. ¶¶ 12-15, 20-21. Plaintiffs' only explanation is that they found *other* articles doing research two days before pre-trial filings were due (which they

---

[3] Although preclusion is technically a "sanction" under Rule 37(c)(1), Defendants wish to make clear they are only seeking the remedy of preclusion, not any type of professional or monetary sanction against Plaintiffs or their counsel.
[4] Preclusion would also be appropriate under Rule 16(f) for Plaintiffs' failure to comply with the February 2024 discovery deadline in Judge Rakoff's scheduling order (ECF 24). *See Carter v. Jablonsky*, 121 F. App'x 888, 888-89 (2d Cir. 2005); *Advanced Analytics, Inc. v. Citigroup Global Markets, Inc.*, 301 F.R.D. 47, 51-52 (S.D.N.Y. 2014).

2

abandoned after Defendants objected). *Id.* ¶¶ 29-36. However, this explanation would render Rule 26 a nullity. *See also Haas*, 282 F. App'x at 86 ("unintentional oversight" is not a valid excuse).

Second, a party is prejudiced where, as here, the disclosure is made long after the close of discovery and shortly before trial. *See Design Strategy*, 469 F.3d at 296-97; *Patterson*, 440 F.3d at 118. Defendants made clear that their presentation as to the burden on interstate commerce would rely on Plaintiffs' lack of documentary evidence. Arnay Decl. ¶¶ 12-15, 20-21. That Plaintiffs waited until the eve of trial to attempt to disrupt this presentation deprived Defendants of the opportunity to develop an alternative approach during discovery and pre-trial litigation.

Third, there is no reason to grant a continuance on the eve of trial. *See Patterson*, 440 F.3d at 118. Rather, Defendants have planned their schedules around the mid-July trial date since it was set back in March and re-confirmed in June (with a one-day adjournment).

Fourth, the evidence is not so important to Plaintiffs to avoid preclusion. *See Haas*, 282 F. App'x at 86; *Design Strategy*, 469 F.3d at 296-97. Plaintiffs can still present evidence through the testimony of their principals, as well as make arguments based on *Granholm*.

**The Documents Should Not Be Substantive Evidence**. Alternatively, Defendants request that the Court decline to rely on the contents of the Documents as substantive evidence to support Plaintiffs' Commerce Clause claim. While Plaintiffs claim that the Documents are "judicially noticeable legislative facts" (ECF 47 at 13-14 & n.2), Defendants respectfully submit that Plaintiffs seek to use the Documents for purposes beyond how "legislatively facts" are appropriately used.

It appears that Plaintiffs contend that the Court can consider *any* material that is not "exclusive to the immediate parties" as a "legislative fact." *Id.* at 13. However, legislative facts are "established truths, facts or pronouncements that do not change from case to case but apply universally, while adjudicative facts are those developed in a particular case." *United States v. Hernandez-Fundora*, 58 F.3d 802, 812 (2d Cir.1995). Moreover, where a court takes judicial notice of "legislative facts," it should do so for a limited purpose: that the documents exist, are publicly available, and contain certain statements. Indeed, Plaintiffs' cited cases apply this limitation. *See In re Frito-Lay N. Am., Inc. All Nat. Litig.*, 2013 WL 4647512, at *4 & n.2 (E.D.N.Y. Aug. 29, 2013) (noticing documents "for the fact that they contain the statements that they contain and were publicly available") (citing *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 426 (2d Cir. 2008)); *Ognibene v. Parkes*, 599 F. Supp. 2d 434, 447-48 (S.D.N.Y. 2009), *aff'd*, 671 F.3d 174 (2d Cir. 2011) (considering newspaper articles, "along with 'legislative facts,'" in determining whether "a reasonable person would believe that corruption or the potential for corruption exists," not whether public corruption actually existed).

Here, Plaintiffs rely on the Documents for substantive proof in aid of their claim that the Challenged Laws unduly burden interstate commerce. *See* ECF 47 at 13-14 & n.2 (asking the Court to accept various factual assertions about the wine producer and wholesaler markets, and arguing that they "corroborate" the testimony of Alba's principal). Defendants submit that Plaintiffs are not offering "universal truths" but instead evidence as to a factual issue: whether the Challenged Laws place an impermissible burden specifically on Alba or other similarly situated out-of-state wineries. Defendants submit that, at most, the Court should take notice of the Documents solely for the limited purpose that they exist, are publicly available, and contain certain statements.

Respectfully,

*/s/ Robert Arnay*
Robert Arnay
Noam Lerer
Benjamin Liebowitz
Assistant Attorneys General
28 Liberty Street
New York, New York 10005
(212) 416-8538
(212) 416-8508
(212) 416-8636
Robert.Arnay@ag.ny.gov
Noam.Lerer@ag.ny.gov
Benjamin.Liebowitz@ag.ny.gov

Cc:  Counsel of Record (By ECF)

---

The documents referenced by Defendants shall not be used by Plaintiffs to establish facts that Plaintiffs have the burden to prove. To the extent the documents are offered for their persuasive authority, the Court shall give them any weight the Court deems appropriate. The Clerk of Court is directed to terminate Dkt. No. 51.

SO ORDERED.  Date 7/9/2024

HON. MARGARET M. GARNETT
U.S. DISTRICT JUDGE