**Office of the New York State Attorney General**

**Letitia James**
**Attorney General**

June 11, 2026

**By ECF**
Honorable Margaret M. Garnett
United States District Court for the Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

Re: *Alba Vineyard & Winery, et al. v. Fan, et al.*
Case No. 1:23-cv-08108-MMG

Dear Judge Garnett:

We write on behalf of Defendants in response to Plaintiffs' letter, dated May 26, 2026 (ECF 78), regarding the Sixth Circuit's recent decision in *Block v. Canepa*, 175 F.4th 642 (6th Cir. 2026).[1]

As an initial matter, instead of merely enclosing the *Block* decision for the Court's consideration,[2] Plaintiffs' letter makes arguments about *Block*'s legal reasoning and its alleged application to this action. Plaintiffs again ignore[3] that the Court previously indicated it "would not receive post-trial submissions (other than, to the extent necessary, regarding remedies)." *See* ECF 65 (July 25, 2024 Order) at 2 (denying Defendants' request to allow both parties to "make a brief written submission" regarding Supreme Court and Second Circuit opinions about which the Court had inquired during closing arguments).

To the extent the Court is inclined to consider Plaintiffs' letter, it is unavailing. *Block* concerns state laws governing the sale of wine from out-of-state retailers directly to in-state consumers. *See Block*, 175 F.4th at 645; ECF 78 at 1. By contrast, the instant action before Your Honor concerns New York's laws governing the sale of wine from out-of-state wineries directly to in-state retailers ("Challenged Laws")—*i.e.*, when a winery acts as its own wholesaler. Therefore, *Block* has limited relevance to the Court's evaluation of the evidence that Defendants set forth establishing legitimate, nonprotectionist justifications for the Challenged Laws, such as the State's interests in preventing undue influence between alcohol manufacturers and alcohol

[1] Defendants are Lily Fan and Edgar De Leon, in their official capacities as Chair and Commissioner, respectively, of the New York State Liquor Authority.
[2] *See* ECF 74 (May 8, 2025 letter from Defendants to the Court enclosing, without argument, a recent out-of-jurisdiction opinion "which the Court may find relevant to the matter under submission herein").
[3] *See* ECF 72 (October 4, 2024 letter from Plaintiffs to the Court making arguments regarding recent out-of-jurisdiction opinion); ECF 73 (October 9, 2024 responsive letter from Defendants to the Court).

retailers. *See, e.g.*, ECF 73 (Defendants' October 9, 2024 letter) at 2 (summarizing Defendants' evidence with record citations). Indeed, at trial, Plaintiffs argued that decisions concerning sales by out-of-state retailers to in-state consumers were "not even particularly relevant," as the "economic, regulatory and public safety issues related to interstate sales by retailers are different[.]" *See* ECF 49 (Plaintiffs' Memorandum In Reply To Defendants' Proposed Conclusions Of Law) at 8-9.

To the extent the Court considers case law from retailer-to-consumer cases to be persuasive authority, Defendants note that *Block*'s conclusion that state laws requiring retailers to maintain an in-state physical presence in order to sell wine directly to in-state consumers violate the Dormant Commerce Clause reflects what was the minority position at the time of trial in this action. *See, e.g.*, ECF 45 (Defendants' Proposed Conclusions of Law) at 13, 22-23 (citing cases rejecting challenges to retailer-to-consumer laws). Since then, the chasm between the minority view (striking down such laws) and the majority view (upholding such laws) has only widened, as four other courts have rejected Dormant Commerce Clause challenges to such laws. *See Jean-Paul Weg LLC v. Director of N.J. Div. of Alcoholic Beverage Ctrl.*, 133 F.4th 227, 236-39 (3d Cir. 2025) (upholding New Jersey laws, and reasoning that the physical premises requirement "facilitates inspections and investigations" that have "uncovered" evidence of, *inter alia*, undisclosed prohibited financial interests in the inspected retailers, and that the state "has no practical means" to conduct such inspections outside of New Jersey);[4] *Day v. Henry*, 152 F.4th 961, 972-75 (9th Cir. 2025) (upholding Arizona laws as an "essential feature" of Arizona's three-tier system, and also "acknowledg[ing]" that the physical-presence requirement "bear[s] on a state's ability to support public health and safety" because Arizona conducts "on-site inspections of licensees' establishments" and "inspects the records of wholesalers to determine whether a retailer is complying with Arizona liquor laws"); *Chicago Wine Co. v. Braun*, 148 F.4th 530, 531-32 (7th Cir. 2025) (upholding Indiana laws);[5] *Freehan v. Berg*, 807 F. Supp. 3d 833, 841-44 (N.D. Ill. 2025) (upholding Illinois laws, and noting the value of "onsite inspections" while rejecting the plaintiffs' argument that "the Court should compel the state to stand up a whole external taxation and inspection arm of its Liquor Control Commission" to address out-of-state retailers).[6]

[4] At trial in this action, Defendants relied on the underlying District Court decision in *Jean-Paul Weg* that the Third Circuit has now affirmed. *See* ECF 45 at 22-23.

[5] *Chicago Wine* was decided by a two-judge panel that upheld the constitutionality of the at-issue laws in a per curiam, unreasoned opinion that was followed by separate opinions in which each panel member "explain[ed] their views." *Id*. Judge Easterbrook upheld the laws as non-discriminatory. *Id.* at 532-34. Judge Scudder upheld the laws as justified by legitimate, nondiscriminatory purposes, including evidence that the physical presence requirement helps "ensur[e] compliance" with state alcohol laws by, among other things, facilitating inspections of in-state premises that "would not be feasible" at out-of-state retailers. *Id*. at 539-45.

[6] While Plaintiffs' letter notes "[i]n the interest of full disclosure" that Messrs. Tanford and Epstein represent the plaintiffs in *Block* (ECF 78 at 2), Messrs. Tanford and Epstein are also counsel to the plaintiffs in *Jean-Paul Weg*, *Day*, *Chicago Wine*, and *Freehan.*

Respectfully,

*/s/ Robert Arnay*
ROBERT ARNAY
NOAM LERER
Assistant Attorneys General
28 Liberty Street
New York, New York 10005
(212) 416-8610 (Litigation Bureau)
Robert.Arnay@ag.ny.gov
Noam.Lerer@ag.ny.gov

cc: Counsel of Record (by ECF)